EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
RENÉ A. CHACÓN, State Bar No. 119624
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5957
 Fax:  (415) 703-1234
 Email:  rene.chacon@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **LIONEL RUBALCAVA,**<br><br>                                            Petitioner,<br><br>     v.<br><br>**TOM FELKER, Warden,**<br><br>                                            Respondent. | No. C 07-5379 SBA<br><br>**ANSWER TO ORDER TO SHOW CAUSE** |

     Respondent, Tom Felker, Warden at High Desert State Prison at Susanville, California, provides this Answer to the Order to Show Cause.

**I.**

**CUSTODY**

     Petitioner is lawfully confined in the custody of the California Department of Corrections and Rehabilitation, pursuant to a judgment imposed by the Santa Clara County Superior Court on August 6, 2004.  A jury found petitioner guilty of attempted premeditated murder, Cal. Penal Code §§ 187, 189, 664, and returned findings that petitioner personally discharged a handgun causing great bodily injury, Cal. Penal Code §§ 1203(e)(3), 120227(a), 12022.53(b)-(d), and that the offense

was committed for the benefit of a criminal street gang, Cal. Penal Code § 186.22(b)(1). Petitioner admitted prior conviction allegations of one prior strike, Cal. Penal Code §§ 667(b)-(i), 1170.12, a prior serious felony conviction, Cal. Penal Code § 667(a), and one prior prison term commitment, Cal. Penal Code § 667.5(b). The trial court sentenced petitioner to state prison for 25 years to life and a consecutive determinate six-year term. *See* Respondent's Exhibit A (hereinafter "CT") at 260-63, 482-86, 621-24.

## II.

## STATE PROCEDURAL HISTORY

By information the Santa Clara District Attorney charged petitioner with attempted premeditated murder, Cal. Penal Code §§ 187, 189, 664. *See* Respondent's Exhibit A at 260-63 (Clerk's Transcript hereinafter referred to as "CT"). The information alleged that petitioner personally discharged a handgun causing great bodily injury, Cal. Penal Code §§ 1203(e)(3), 120227(a), 12022.53(b)-(d), and that the offense was committed for the benefit of a criminal street gang, Cal. Penal Code § 186.22(b)(1). *Id.* The information alleged one prior strike, Cal. Penal Code §§ 667(b)-(i), 1170.12, a prior serious felony conviction, Cal. Penal Code § 667(a), and one prior prison term commitment, Cal. Penal Code § 667.5(b). CT at 262.

Trial by jury commenced on November 10, 2003. CT at 396. On November 26, 2003, the jury found petitioner guilty as charged and found true all attendant enhancement allegations. CT at 482-85. Petitioner admitted the prior conviction allegations. CT at 486.

On August 6, 2004, the trial court imposed an indeterminate 25 years to life sentence and a consecutive determinate six-year term. CT at 621-24.

On December 28, 2005, the California Court of Appeal affirmed the judgment in an unpublished decision. *See* Respondent's Exhibit B.

On March 15, 2006, the California Supreme Court denied the petition for review. *See* Respondent's Exhibit C.

On August 15, 2007, the California Supreme Court denied the petition for writ of habeas corpus. *See* Respondent's Exhibit D.

# III.

# FEDERAL PROCEDURAL HISTORY

On October 22, 2007, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. On November 8, 2007, the Court issued the Order to Respond.

# IV.

# CLAIMS FOR RELIEF

Respondent denies each of petitioner's claims, denies that any of petitioner's claims state a basis for federal habeas corpus relief, and affirmatively alleges that petitioner's convictions did not result from a violation of any federal constitutional right. Respondent incorporates by reference the Points and Authorities filed in support of the Answer. Respondent specifically responds to each claim as follows.

**Juror Misconduct Claim**

Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548 (1984), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

*Crawford v. Washington* **Claim**

Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of *Crawford v. Washington*, 541 U.S. 36 (2004), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

**Actual Innocence Claim**

Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of clearly established United States Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

## V.

## EXHAUSTION

Petitioner exhausted his state remedies with respect to the federal claims in the instant petition. *Rose v. Lundy*, 455 U.S. 509 (1982); *see* Respondent's Exhibits C & D.

## VI.

## AVAILABLE TRANSCRIPTS AND RECORD

Respondent has lodged with the Clerk of the Court copies of the relevant state record: Exhibit A (Clerk's Transcript); Exhibit B (California Court of Appeal Opinion); Exhibit C (Petition for Review and Order Denying Petition for Review); Exhibit D (Petition for Writ of Habeas Corpus and Supreme Court Order Denying Petition); Exhibit E (Reporter's Transcript of Partial Voir Dir Proceedings, pages 1-22); Exhibit F (Reporter's Transcript of Trial, pages 1-1138).

## VII.

## EXPRESS AND IMPLIED FACTUAL FINDINGS

Respondent alleges that petitioner received a full and fair hearing on all of this claims in the state courts, and that all express and implied factual findings by the state courts are entitled to a presumption of correctness. 28 U.S.C. § 2254(d), (e)(1). Respondent denies that any claim made by petitioner requires an evidentiary hearing by this Court. 28 U.S.C. § 2254(e)(2).

## VIII.

## GENERAL DENIAL

Respondent denies each and every factual or procedural allegation in the petition affording a basis for relief that has not been expressly admitted in the Answer. Respondent incorporates by reference any statements of fact material to the issues herein which are contained in the accompanying memorandum of points and authorities or in the exhibits filed with this Court, to the extent not inconsistent with the respondent's factual allegations herein.

**CONCLUSION**

Accordingly, respondent respectfully requests that the Court deny the petition for writ of habeas corpus.

Dated: January 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

**/s/ Rene A. Chacon**
RENE A. CHACON
Supervising Deputy Attorney General
Attorneys for Respondent

40202817.wpd
SF2007403116

Answer to Order to Show Cause                                                                 No. C 07-5379 SBA

5